IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| NEW LEGION COMPANY, INCORPORATED<br><br>   v.<br><br>JASBIR SINGH THANDI, et al. | CIVIL ACTION<br><br>NO. 18-778 |
|---|---|

## MEMORANDUM RE: MOTION TO DISMISS

Plaintiff owned a trailer and leased it to Defendant Alpha, Inc. In its Amended Complaint, Plaintiff alleges claims for breach of contract, fraud, and unjust enrichment against:

- Jasbir Singh Thandi, doing business as Global Hawk Insurance Company;

- Global Hawk Insurance Company, who provided commercial trucking coverage to Defendant Alpha Transport, Inc.;

- Global Hawk Insurance Company Risk Retention Group;

- Geet Bala Presad, claims manager at Global Hawk;

- Jim Kreason, claims adjuster at Global Hawk;

  all of whom listed above are collectively referred to as the "Global Hawk Defendants;" and

- Alpha Transport, Inc., the lessee of Plaintiff's trailer.

All Defendants have jointly moved to dismiss Plaintiff's Amended Complaint under Fed. R. Civ. P. 12(b)(6). (Mot., ECF 15.) For the reasons discussed below, Defendants' motion will be GRANTED WITH PREJUDICE to the Global Hawk Defendants, and will be GRANTED WITHOUT PREJUDICE with leave to amend as to Defendant Alpha Transport, Inc. on the breach of contract claim only.

### I. Alleged Facts & Procedural History

Plaintiff, New Legion Company, Inc. a trucking and transportation company, leased a trailer to Defendant Alpha Transport, Inc. ("Alpha"). An agent of Alpha allegedly caused a car accident, which allegedly caused significant damage to Plaintiff's trailer. Alpha provided its liability insurance information at the scene of the accident to Plaintiff and law enforcement, identifying Defendant Global Hawk Insurance Company ("Global Hawk") as its insurance carrier. Global Hawk has offered Plaintiff a settlement of $32,000 but Plaintiff has yet to accept.

The original complaint was filed on February 22, 2018. (Compl., ECF 1.) On May 8, 2018, we granted Defendants' first Motion to Dismiss without prejudice to amend. (Order, ECF 12.) Plaintiff filed an Amended Complaint on May 29, 2018, again alleging a fraud claim and adding claims for breach of contract and unjust enrichment. (Am. Compl., ECF 13.)[1]

Defendants filed a Motion to Dismiss the Amended Complaint on June 18, 2018. (Mot., ECF 15.) Plaintiff did not respond, but filed a Second Amended Complaint without leave of court. (Second Am. Compl., ECF 19.) On July 31, 2018, we ordered that the parties provide a stipulation or an appropriate motion as to the Second Amended Complaint. (ECF 20.) When neither was filed, on September 11, 2018, we ordered Plaintiff to file a motion to file a second amended complaint or respond to the Motion to Dismiss. (ECF 21.) Plaintiff did not file the required motion, but responded to the Motion to Dismiss the Amended Complaint on September 21, 2018 (Resp., ECF 22) and Defendants replied on October 2, 2018. (Reply, ECF 23.)[2]

---

[1] Attached to Plaintiff's Amended Complaint are three exhibits: two emails from Defendant Kreason to a representative of Plaintiff offering settlement and discussing this legal dispute (Am. Compl., Exs. A & B), and a document entitled "Release of Property Claims" signed by Natali Express, Plaintiff's subrogee (Ex. C). We have excluded these matters from consideration under Fed. R. Civ. P. 12(d).

[2] In this Memorandum, we examine Plaintiff's Amended Complaint (ECF 13), rather than its Second Amended Complaint (ECF 19), as the latter was filed without a request for leave to file.

## II. Legal Standard

In considering a motion to dismiss under Rule 12(b)(6), "we accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n. 7 (3d Cir. 2002)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). However, the Court in Iqbal does explain that while factual allegations must be treated as true, legal conclusions do not. 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555).

All allegations of fraud (i.e., Count II) must meet Fed. R. Civ. P. 9(b)'s heightened pleading standard (the "particularity" requirement). Rule 9(b)'s heightened pleading standard not only gives defendants notice of the claims against them, but also provides increased measure for protection of their reputation and reduces the number of frivolous lawsuits brought solely to extract settlements. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1418 (3d Cir.1997).

Rule 9(b) may be satisfied by describing the circumstances of the alleged fraud with precise allegations of date, time, or place, or "by using some means of injecting precision and some measure of substantiation into th[e] allegations of fraud." Bd. of Trs. of Teamsters Local 863 Pension Fund v. Foodtown, Inc., 296 F.3d 164, 172 n. 10 (3d Cir. 2002) (internal citations omitted). Stated another way, the plaintiff must plead the who, what, when, where, and how of the fraud. Institutional Investors Grp. v. Avava, Inc., 564 F.3d 242, 253 (3d Cir. 2009).

Courts should, however, "be sensitive to the fact that application of [Rule 9(b)] prior to discovery may permit sophisticated defrauders to successfully conceal the details of their fraud….

Accordingly, the normally rigorous particularity rule has been relaxed somewhat where the factual information is peculiarly within the defendant's knowledge or control." In re Burlington, 114 F.3d at 1418 (internal citations omitted). Thus, plaintiffs may plead certain factual allegations based "upon information and belief" but must allege that the necessary information lies within the defendant's control, and their allegations must be accompanied by a statement offsets upon which the allegations are based. In re Craftmatic Sec. Litig., 890 F.2d 628, 645 (3d Cir. 1989). Boilerplate and conclusory allegations are insufficient. In re Burlington, 114 F.3d at 1418.

### III. Discussion

Plaintiff has stated three claims in its amended complaint: breach of contract (Count I), fraud (Count II), and unjust enrichment (Count III). We review each in turn.

To state a claim for breach of contract, a claimant need allege: (1) the existence of a contract, including its essential terms; (2) a breach of duty imposed by the contract; and (3) damages from the breach. Ware v. Rodale Press, Inc., 322 F.3d 218, 225 (3d Cir. 2003) (citing CoreStates Bank, N.A. v. Cutillo, 723 A.2d 1053, 1058 (Pa. Super. Ct. 1999)).

Plaintiff is clearly not in privity of contract with Defendants Thandi, Global Hawk, Global Hawk's Risk Retention Group, or the individual employees Presad and Kreason. Plaintiff incorrectly asserts that an offer of settlement from a liability insurance adjuster, on behalf of the insured, even if accepted by Plaintiff, constitutes a contract between Plaintiff and the liability insurance carrier. Plaintiff may, however, have a claim against Defendant Alpha. In its Amended Complaint, Plaintiff states "Plaintiff was the actual owner of the trailer and had a valid lease agreement with Defendant Alpha Transport who was responsible for insuring said vehicle." (Resp. at ¶ 29, 30, 32.) Although Plaintiff's claim for breach of contract does not explicitly mention this lease agreement or focus upon specific facts involving Defendant Alpha, the Court will grant Plaintiff an additional but final opportunity to amend its complaint, but only as to Defendant Alpha.

We addressed Plaintiff's fraud claim in our previous Memorandum where we granted Defendants' first Motion to Dismiss without prejudice. (Mem. Op., ECF 11, at 10-11.) Plaintiff's Amended Complaint has not cured the inadequacies we found at that time. Because Plaintiff has failed to allege sufficient evidence of fraud under Rule 9(b), we dismiss this claim with prejudice, without leave to amend.

To state a claim for unjust enrichment, Plaintiff must show: "(1) benefits conferred on defendant by plaintiff, (2) appreciation of such benefits by defendant, and (3) acceptance and retention of such benefits under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value." Argue v. Triton Digital Inc., 734 F. App'x 148, 151 (3d Cir. 2018) (quoting Mark Hershey Farms, Inc. v. Robinson, 171 A.3d 810, 817 (Pa. Super. Ct. 2017).

Plaintiff has not alleged any facts to satisfy this claim. We dismiss this unjust enrichment claim with prejudice, without leave to amend.

### IV. Conclusion

For the reasons set forth above, Defendants' motion to dismiss Plaintiff's Amended Complaint is **GRANTED WITH PREJUDICE** as to the Global Hawk Defendants. The Motion is **GRANTED WITHOUT PREJUDICE** with leave to amend Plaintiff's breach of contract claim as to Defendant Alpha Transport, Inc.

An appropriate order follows.

O:\CIVIL 18\18-778 New Legion v Thandi\18cv778 Memo re MTD.docx