IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| NEW LEGION COMPANY, INCORPORATED | CIVIL ACTION |
|---|---|
| v. | NO. 18-778 |
| JASBIR SINGH THANDI, et al. | |

## MEMORANDUM RE: MOTION TO DISMISS THIRD AMENDED COMPLAINT

**Baylson, J.**                                                                                           May 23, 2019

This is the third occasion this Court has had to evaluate the plausibility of Plaintiff's Complaint in this case arising from an automobile accident on October 8, 2016.

In May 2018, this Court granted Defendants' Motion to Dismiss Plaintiff's Complaint without prejudice, with leave to amend. (ECF 12.) At that time, Plaintiff's Complaint included claims for False Designation of Origin under the Lanham Act, Violations of the Pennsylvania Unfair Trade Practices and Consumer Protection law, and fraud. (ECF 1.)

In December 2018, the Court granted Defendants' Motion to Dismiss Plaintiff's Amended Complaint in large part with prejudice,[1] granting Plaintiff leave to amend his Complaint as it relates to the breach of contract claim against Defendant Alpha Transport, Inc. ("Alpha"). (ECF 25.) At that time, Plaintiff's Amended Complaint alleged claims for breach of contract, fraud, and unjust enrichment. (ECF 18.)[2]

Presently before the Court is Defendant Alpha's Motion to Dismiss Plaintiff's Third Amended Complaint ("TAC"). (Mot., ECF 28; Third Am. Compl., ECF 27). Plaintiff has

---

[1] With this Order, the Court dismissed the other Defendants from the case.

[2] Plaintiff amended an additional time without leave of court, but did not file a Motion for leave to file that Second Amended Complaint. Accordingly, the Court evaluated the Amended Complaint in the second Memorandum. (ECF 24 at 2, n. 2.)

1

responded (Resp., ECF 30), and Defendant has replied (Reply, ECF 31.) Plaintiff's TAC alleges negligence and respondeat superior claims against Alpha. Because we have previously outlined the factual background of this case in our prior memoranda, we refrain from doing so a third time. For the reasons that follow, Defendant's Motion to Dismiss is denied.

**I.      Legal Standard**

In considering a motion to dismiss under Rule 12(b)(6), "we accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n. 7 (3d Cir. 2002)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  However, the Court in Iqbal does explain that while factual allegations must be treated as true, legal conclusions do not. 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555).

Where a complaint "facially shows noncompliance with the limitations period," a defendant may move to dismiss the complaint in a Rule 12(b)(6) motion. Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.1 (3d Cir. 1994) (abrogated on other grounds by Rotkiske v. Klemm, 890 F.3d 422 (3d Cir. 2018), cert. granted, 139 S. Ct. 1259 (2019)).

**II.     Timeliness of Plaintiff's Claim**

Defendant's first argument is that Plaintiff's TAC is untimely because it does not relate back to earlier pleadings under Federal Rule of Civil Procedure 15(c)(1)(B) and is therefore barred barred by the applicable statute of limitations.

Defendant contends that the TAC does not relate back to the earlier pleading because the "previous three pleadings were devoid of any claims of negligence or respondeat superior" and "focused on the negotiation and settlement of plaintiff's property damage claim submitted to defendant's insurer." (Mot. Memo. at 5.) Defendant asserts that in contrast, the claims in Plaintiff's TAC "arise from the actions of defendant in the motor vehicle accident, itself." (Id.) Defendant argues that it did not have fair notice of this cause of action "or the general factual situation supporting plaintiff's new legal theories." (Id. at 6.) Therefore, Defendant alleges that the claims in Plaintiff's TAC, which was filed on December 19, 2018, and which arose out of an accident on October 8, 2016, are subject to a two-year statute of limitations and are untimely. (Id. at 6-7.)

Plaintiff opposes this argument, and contends that it TAC relates back to its earlier pleadings because "[i]n all prior pleadings, including but not limited to those of the Defendant, it is conceded that but for the negligent operation of Defendant Alpha Transport, Incorporated's driver there would have been no harm suffered by Plaintiff." (Resp. Memo. at 4.) Plaintiff therefore contends that in spite of the applicable statute of limitations, the TAC is timely under Fed. R. Civ. P. 15(c)(1)(B). (Id.)

Plaintiff also relies upon a statement in this Court's May 8, 2018 memorandum (ECF 11) where the undersigned, in reciting the facts of Plaintiff's complaint, stated that the trucking accident central to the case was "caused" by Alpha. Defendant contends that under Rule 15(c)(1)(B), this Court must focus only upon the prior pleadings—here, the prior three Complaints—and asserts that "any allegations, statements, or conclusions set forth in the filings by the Court or by defendant are immaterial to the determination of whether plaintiff's prior pleadings provided fair notice of the claims plaintiff advances in the [TAC]." (Reply at 3-4.)

Rule 15(c) "is premised on the notion that a party is not entitled to the protection of the statute of limitations based upon the later assertion by amendment of a claim or defense that arises out of the same conduct, transaction, or occurrence set forth in the timely filed original pleading." Bensel v. Allied Pilots Ass'n, 387 F.3d 298, 310 (3d Cir. 2004). An amendment that "restate[s] the original claim with greater particularity or amplif[ies] the factual circumstances" or involves a "common core of operative facts" can be found to relate back. Id.

Plaintiff's TAC shares a "common core of operative fact" with the earlier pleadings. In all of the previous complaints, Plaintiff contended that Alpha caused the car accident that is the subject of the TAC. Although the earlier complaints did not include negligence claims, the Amended Complaint did note that the "motor vehicle accident occurred solely due to the negligence and carelessness of Defendant Alpha" (Am. Compl., ECF 18 at ¶ 7.) The Court finds that this was sufficient to place Defendant on notice that a claim for negligence may be brought based upon Defendant's actions during the car accident.

### III. Whether the TAC is within the scope of the Court's December 2018 Order

Alternatively, the Court addresses Defendant's argument that the TAC is outside of the scope of the Court's order of December 4, 2018. In that Order, the Court dismissed Plaintiff's breach of contract claim against Defendant Alpha but allowed Plaintiff leave to filed a third amended complaint. (ECF 25.) Defendant relies upon Dover Steel Co. v. Hartford Acc. & Indem. Co., where Judge Robreno found that an amended complaint that "named an additional defendant, added five new counts, expanded the time frame of the action, and injected a number of new theories of liability into the case" was in violation of Rule 15(a). 151 F.R.D. 570 (E.D. Pa. 1993).

Plaintiff responds that its TAC was within the scope of the Court's Order. Plaintiff notes that Dover also stands for the proposition that "the necessary inquiry is to prevent unfair prejudice to the non-moving party while attempting to ensure that matters are concluded on the merits." (Resp. Memo. at 5.)

Leave to amend should be "freely given" absent "any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962). Although neither party is requesting leave to amend here, as this leave was already granted in the December 4, 2018 Order, the Court is guided by these principles in determining whether the amendment was in the scope of our Order.

The Court concludes that the TAC is within the scope of the amendment permitted in the December 4, 2018 Order. Defendant has not been unfairly prejudiced by this lawsuit. It has been a defendant in this case since it was filed in February 2018, and has been on notice since that time that the lawsuit regarded an accident which it allegedly caused. (See ECF 1 at ¶ 21.) We will deny Defendant's Motion.

## IV. Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss is denied. Plaintiff's Third Amended Complaint is timely under Rule 15(a)(1)(C) and is within the scope of the Court's December 4, 2018 Order.

An appropriate order follows.

O:\CIVIL 18\18-778 New Legion v Thandi\18cv778 MTD TAC Memo.docx